## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**GABRIEL M. ROBLES,**

        **Plaintiff,**

                                  **CIVIL ACTION**

**v.**

                                  **No:  12-4104-CM-GLR**

**STATE FARM INSURANCE,**
**et al.,**

        **Defendants.**

### REPORT AND RECOMMENDATION

### NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

Plaintiff, a resident of Kansas, commenced this *pro se* action on August 29, 2012, by filing a Civil Complaint against State Farm Insurance of Bloomington, Illinois; Alexa Moreno of Lawrence, Kansas; and Monica Plake (address unknown) for a motor-vehicle accident that occurred in August 2010.[1]  Plaintiff states that this case arises under 28 U.S.C. § 1343(a)(3)[2] because of a

---

[1]*See* Civil Compl. at 1-4 (ECF No. 1).

[2]The form complaint cites § 1343 generally.  But the language used clearly evinces an attempt to invoke jurisdiction more specifically under § 1343(a)(3).

violation of his civil or equal rights and asserts diversity jurisdiction under § 1332.[3]

Contemporaneously with this recommendation, the Court has granted Plaintiff leave to proceed with this action without prepayment of the filing fee. Consequently, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). All cases, furthermore, are subject to jurisdictional review under Fed. R. Civ. P. 12(h)(3). In fact, the courts are obligated to consider jurisdictional issues even when no party has raised them.[4]

Because Plaintiff proceeds *pro se*, his pleadings are liberally construed.[5] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[6] Nor does it relieve the burden to establish that this Court has jurisdiction over the subject matter.[7]

This Court lacks diversity jurisdiction under § 1332, because Plaintiff and Defendant Moreno are both citizens of Kansas.[8] It lacks jurisdiction under § 1343(a)(3), because Plaintiff has alleged no facts to support finding that any "defendant acted 'under color of any state law.'"[9] Plaintiff's attempts to invoke jurisdiction under §§ 1332 and 1343 thus fail. Accordingly, the Court should

---

[3] *See* Civil Compl. at 2-3.

[4] *See Gonzalez v. Thaler,* 132 S. Ct. 641, 648 (2012).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

[7] *Sump v. Schaulis*, No. 07-4014-RDR, 2007 WL 1054277, at *1 (D. Kan. Apr. 9, 2007).

[8] *See Smith v. Bayer Corp*., 131 S. Ct. 2368, 2373 (2011); *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) ("Under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000.").

[9] *See Elliott v. Chrysler Fin.*, 149 F. App'x 766, 768 (10th Cir. 2005) (quoting § 1343(a)(3)).

dismiss the action for lack of jurisdiction under Fed. R. Civ. P. 12(h)(3).

## RECOMMENDATION

It is hereby recommended that the Court summarily dismiss this action without prejudice for lack of subject matter jurisdiction.

Respectfully submitted on this 5th day of September, 2012, in Kansas City, Kansas.


S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge