**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **GABRIEL M. ROBLES,**           )<br>                                                          )<br>               **Plaintiff,**        )<br>                                                          )<br>**v.**                                                  )      **Case No. 12-4104-CM**<br>                                                          )<br>**STATE FARM INSURANCE, et al.,**  )<br>                                                          )<br>               **Defendants.**   )<br>_____) | |

**MEMORANDUM AND ORDER**

Currently before the court is Magistrate Judge Rushfelt's Report and Recommendation ("R&R") recommending that plaintiff's personal injury complaint be dismissed for lack of subject matter jurisdiction (Doc. 8). Specifically, Magistrate Judge Rushfelt determined that (1) this court lacks diversity jurisdiction under 28 U.S.C. § 1332 because plaintiff and defendant Moreno are both citizens of Kansas, and (2) this court lacks jurisdiction under 28 U.S.C. § 1343(a)(3) because plaintiff has not alleged any facts that support a finding that any defendant acted under color of any state law.

Plaintiff timely filed objections (Doc. 9). Although his objections are difficult to follow, plaintiff argues that this court has diversity jurisdiction because plaintiff and defendant State Farm Insurance are citizens of different states. He also argues that jurisdiction under 28 U.S.C. § 1343(a)(3) exists because "[t]here is NO evidence thus far that defendant State Farm [Insurance] ever attempted to comply with state or federal laws." (Doc. 9 at 7 (original font).)

Pursuant to Federal Rule of Civil Procedure 72, the court conducts a de novo review of the portions of the R&R to which plaintiff properly objects. In completing this review, the court is mindful of plaintiff's pro se status and liberally construes his pleadings. *See Ledbetter v. City of*

-1-

*Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) ("Because Mr. Ledbetter proceeds pro se, we construe his pleadings liberally.").

The court agrees with Magistrate Judge Rushfelt that diversity jurisdiction does not exist in this case. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity between plaintiffs and defendants. This means that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Plaintiff is correct that—based on the allegations in the complaint—plaintiff and defendant State Farm Insurance are citizens of different states. But plaintiff and defendant Moreno are both citizens of Kansas. This fact prevents complete diversity. Accordingly, the court overrules plaintiff's objection on this issue.

The court also overrules plaintiff's second objection. To establish subject matter jurisdiction under 28 U.S.C. § 1343(a)(3), "the plaintiff must show that the defendant acted 'under color of any state law.'" *See Elliott v. Chrysler Fin.*, 149 F. App'x 766, 768 (10th Cir. 2005) (quoting 28 U.S.C. § 1343). This state action requirement means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he had acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *See id.* (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Plaintiff's complaint does not include any facts supporting a finding that defendant State Farm Insurance acted under color of state law or constitutes a state actor. Accordingly, the court overrules plaintiff's second objection.

In addition to objecting to the R&R, plaintiff submits a multi-page diatribe against the federal court system. He also requests that this court certify the constitutionality of "the rulings of Judge Rushfelt and of the federal bench in the area of Kansas City as a whole" to the Attorney General of the

-2-

United States pursuant to Federal Rule of Civil Procedure 5.1.  (Doc. 9 at 2.)  Because Rule 5.1 only pertains to pleadings "drawing into question the constitutionality of a federal or state statute," it is inapplicable here.  Accordingly, the court denies plaintiff's request.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Report and Recommendation of September 5, 2012 (Doc. 9) is overruled.

**IT IS FURTHER ORDERED** that Plaintiff's Rule 5.1 Constitutionality Challenge (Doc. 9) is denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 8) is adopted in its entirety.  This lawsuit is dismissed for lack of subject matter jurisdiction.

Dated this _11th day of October, 2012, at Kansas City, Kansas.

        __s/ Carlos Murguia_____
        **CARLOS MURGUIA**
        United States District Judge